UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANA MICHELLE BROWN,

                                Plaintiff,
            v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                              Defendant.
_____

**DECISION
and
ORDER**

**18-CV-1456F**
(**consent**)

APPEARANCES:        LAW OFFICES OF KENNETH R. HILLER, PLLC
                              Attorneys for Plaintiff
                              KENNETH R. HILLER, and
                              ELIZABETH ANN HAUNGS, of Counsel
                              6000 North Bailey Avenue
                              Suite 1A
                              Amherst, New York  14226

                              JAMES P. KENNEDY, JR.
                              UNITED STATES ATTORNEY
                              Attorney for Defendant
                              Federal Centre
                              138 Delaware Avenue
                              Buffalo, New York  14202
                                         and
                              GRAHAM MORRISON
                              Special Assistant United States Attorney, of Counsel
                              Social Security Administration
                              Office of General Counsel
                              26 Federal Plaza
                              Room 3904
                              New York, New York  10278
                                         and

---

[1] Andrew M. Saul became the Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

        MARC THAYNE WARNER
        Special Assistant United States Attorneys, of Counsel
        Social Security Administration
        Office of General Counsel
        1961 Stout Street
        Suite 4169
        Denver, Colorado  80294

## JURISDICTION

On April 7, 2020, this matter was assigned to the undersigned before whom the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed in accordance with this court's June 29, 2018 Standing Order (Dkt. 21).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on January 16, 2020 (Dkt. 18), and by Defendant on May 15, 2020 (Dkt. 24).

## BACKGROUND

Plaintiff Dana Michelle Brown ("Plaintiff"), brings this action under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's applications filed with the Social Security Administration ("SSA"), on January 8, 2016, for Social Security Disability Insurance ("SSDI") under Title II of the Act, and for Social Security Supplemental Income ("SSI") under Title XVI of the Act (together, "disability benefits").  Plaintiff alleges she became disabled on January 1, 2012, based on chronic back pain, depression, chronic back pain from family violence, depression, morbid obesity, and anemia.  AR[2] at 322, 326, 361, 364.  Plaintiff's applications initially were denied on June 24, 2016, AR at 169-98, and at Plaintiff's timely request, AR at 218-19,

---

[2] References to "AR" are to the page of the Administrative Record electronically filed in nine parts by Defendant on August 20, 2019 (Dkt. 9-1 through 9-8).  On December 9, 2019, supplemental pages of the Administrative Record were filed (Dkt. 17).

on June 22, 2018, a hearing was held via video conference with Plaintiff appearing in Buffalo, New York before administrative law judge James Cole Cartledge ("the ALJ"), located in Miami, Florida.  AR at 67-95 ("administrative hearing").  Appearing and testifying at the administrative hearing were Plaintiff, represented by Laura Henskee, Esq., and vocational expert Lynn Paulson ("the VE").

On July 20, 2018, the ALJ issued a decision denying Plaintiff's claims, AR at 8-27 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 320-21.  On October 18, 2018, the Appeals Council denied Plaintiff's request for review, AR at 1-7, advising recently submitted records were determined not to show a reasonable probability of changing the outcome of the ALJ's Decision and thus were not added as evidence in the file, and rendering the ALJ's Decision the Commissioner's final decision.  On December 13, 2018, Plaintiff commenced the instant action seeking review of the ALJ's Decision.

On January 16, 2020, Plaintiff moved for judgment on the pleadings (Dkt. 18) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 18-1) ("Plaintiff's Memorandum").  On May 5, 2020, Defendant moved for judgment on the pleadings (Dkt. 24) ("Defendant's Motion"), attaching Defendant's Brief in Support of the Defendant's Motion for Judgment on the Pleadings and in Response to Plaintiff's Brief Pursuant to Local Standing Order on Social Security Cases (Dkt. 24-1) ("Defendant's Memorandum").  Filed on June 5, 2020, was Plaintiff's Response to the Commissioner's Brief in Support and in Further Support for Plaintiff's Motion for Judgment on the Pleadings (Dkt. 25) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is DENIED; Defendant's Motion is GRANTED.

## **FACTS**[3]

Plaintiff Dana Michelle Brown ("Plaintiff" or "Brown"), born March 16, 1973, was 38 years old as of January 1, 2012, her alleged disability onset date ("DOD"), and 45 years old as of July 20, 2018, the date of the ALJ's Decision.  AR at 22, 322, 326, 361, 364.  Plaintiff graduated high school, completed two years of college, and previously worked as a caterer.  AR at 118, 120, 365.  As of the date of the administrative hearing, Plaintiff lived in an apartment with her teenage son.  AR at 73, 370.

Plaintiff describes her activities of daily living as including caring for her son, preparing meals for herself and her son, cleaning, doing laundry, shopping, tending to her personal care and grooming, and watching television, but her son helps with lifting and pushing the grocery cart.  AR at 85, 573.  Plaintiff has a driver's license but does not currently drive because her car was stolen.  AR at 73.

It is undisputed that Plaintiff suffers from a low back and neck impairments attributed to a physical assault by her former fiancé.  AR at 75-76.  Following the assault, Plaintiff and her son relocated to a battered women's shelter from which she could not leave to continue her catering business.  AR at 76-77.  Plaintiff maintains her back impairments prevent her from resuming work as a caterer because she is unable to lift heavy pots and pans.  AR at 76.  Plaintiff, who lived in Texas when she was assaulted, moved several times to other southern states but when her abuser continued to follow her, she relocated to Buffalo, New York in November 2015.  AR at 79-80.

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

Plaintiff has also been diagnosed with depression, morbid obesity (BMI of 63.83), and anemia.  AR at 364, 665.  Plaintiff's obesity was considered as a contributing factor to several co-morbidities with which Plaintiff has been diagnosed, including borderline hypertension, angina, lower extremity edema, hyperlipidemia, obstructive sleep apnea syndrome, asthma, gallstones, fatty liver disease, degenerative changes of the spine causing back pain, pain with ambulation, depression, stress urinary incontinence, and back, leg, neck, and knee pain.  AR at 655-66.

Plaintiff receives mental health treatment from Horizon Health Services.  AR at 913-979.  On September 20, 2017 Plaintiff underwent laparoscopic gastric bypass surgery for weight loss performed by bariatric surgery specialist Dang Tuan Pham, M.D. ("Dr. Pham"), at Sisters of Charity Hospital in Buffalo, New York.  AR at 637-754.

On December 28, 2015, nurse practitioner Amber Richert ("NP Richert"), with Baltimore City Department of Social Services, completed Family Investment Administration Medical Report Form 500.[4]  AR at 540-41.  In connection with her disability benefits applications, on May 25, 2016, Plaintiff underwent an Internal Medicine Examination by family practitioner Donna Miller, D.O. ("Dr. Miller"), AR at 573-76, and a Psychiatric Evaluation by psychologist Gina Zali, Psy.D. ("Dr. Zali").  AR at 1104-07.  On June 24, 2016, State agency review psychiatrist H. Tzetzo, M.D. ("Dr. Tzetzo"), reviewed Plaintiff's medical file and rendered an assessment of Plaintiff's work-related mental abilities.  AR at 177-96.  On April 27, 2018, licensed master social worker ("LMSW") Diana Buchhalter ("LMSW Buchhalter"), at Horizon Health Services completed a Mental Residual Functional Capacity Questionnaire.  AR at 998-1002.  On

---

[4] The record is not clear as to why, or for how long, Plaintiff was in Baltimore after having relocated to Buffalo.

May 11, 2018, State agency medical consultant J. Quinlan, M.D. ("Dr. Quinlan"), reviewed Plaintiff's medical file and completed a Physical Residual Functional Capacity Assessment. AR at 1005-12. On May 14, 2018, neurosurgeon Gregory Bennett, M.D. ("Dr. Bennett"), who had previously examined Plaintiff on June 19, 2017, December 11, 2017, and March 12, 2018, completed a Physical Residual Functional Capacity Questionnaire. AR at 1089-93.

## DISCUSSION

**1.      Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather,

"the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id.*  "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d60, 62 (2d Cir. 1982).

**2.    Disability Determination**

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id.*, but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c).  The burden of proof is on the applicant for the first four steps, with the Commissioner bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

In the instant case, the ALJ found Plaintiff met the insured status requirement for SSDI through December 31, 2017, AR at 13, has not engaged in substantial gainful activity since January 1, 2012, her alleged disability onset date, *id.*, and suffers from the

8

severe impairments of degenerative disc disease, obesity, major depressive disorder, hypertension, and posttraumatic stress disorder ("PTSD"), *id.*, but that Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 14-15.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that Plaintiff can only occasionally lift and carry 20 lbs., frequently lift and carry 10 lbs., stand or walk for a total of six hours in an eight-hour workday, sit for a total of six hours in an eight-hour workday, is unlimited with regard to pushing and pulling except as shown for lifting and carrying, can occasionally climb ramps and stairs, can never climb ladders, ropes, and scaffolds, occasionally balance, stoop, kneel, crouch, or crawl, must avoid concentrated exposure to hazards, is limited to Specific Vocational Preparation ("SVP") levels of 1 and 2,[6] simple, routine, and repetitive tasks requiring occasional interaction with the public, coworkers, and supervisors, and is limited to occasional work-setting changes. *Id.* at 15-20.  Plaintiff is unable to perform any PRW, the demands of which exceed her RFC, yet at the administrative hearing, the ALJ elicited testimony from the VE that Plaintiff, based on her age, limited education, ability to communicate in English, and RFC, and in accordance with the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grids"), could perform other work existing in significant numbers in the national economy including as a merchandise marker, inspector and hand packager, and food service worker. *Id.* at 20-21.  Based on these findings, the ALJ determined Plaintiff is not disabled as defined under the Act. *Id.* at 21-22.

---

[6] *See* Discussion, *infra*, at 14 for an explanation of SVP.

Plaintiff does not contest the ALJ's findings with regard to the first three steps of the five-step analysis, but argues that at the fourth step the Plaintiff's RFC determination was erroneously made without the benefit of evidence documenting a psychiatric evaluation performed by psychologist Gina Zali, Psy.D. ("Dr. Zali") ("Dr. Zali's evaluation"), which was never included in the administrative record such that it was not reviewed at the administrative level, Plaintiff's Memorandum at 12-13, the ALJ erred by overlooking standing and walking limitations assessed by State agency medical consultant J. Quinlan, M.D. ("Dr. Quinlan"), *id.* at 13-15, and the ALJ's determination of Plaintiff's psychiatric component of Plaintiff's RFC is not supported by substantial evidence in the record. *Id.* at 16-20.  Defendant argues the failure to include Dr. Zali's evaluation does not require remand because there is no reasonable probability that its consideration would have changed the ALJ's Decision, Defendant's Memorandum at 7-11, the ALJ did not overlook the standing and walking limitations imposed by Dr. Quinlan, *id.* at 12-14, and the mental limitations included in the ALJ's RFC determination are well-supported by substantial evidence in the record. *Id.* at 14-16.  In reply, Plaintiff repeats her argument that the failure to include Dr. Zali's evaluation in the medical record requires remand, Plaintiff's Reply at 1-3, the ALJ's RFC determination failed to account for the standing and walking limitations found by Dr. Quinlan, *id.* at 4-5, and the ALJ's psychiatric component of Plaintiff's RFC is not supported by substantial evidence in the record. *Id.* at 5-6.

Plaintiff's first argument, *i.e.*, that the failure to include Dr. Zali's psychiatric evaluation of Plaintiff requires remand is without merit.[7]  In particular, remand for

---

[7] Defendant admits the exclusion of Dr. Zali's evaluation from Plaintiff's administrative record before the ALJ and the Appeals Council is inexplicable.  Defendant's Memorandum at 8-9.

consideration of erroneously omitted evidence is not required where, even in the absence of the error, the agency would reach the same conclusion. *See Zabala v. Astrue*, 595 F.3d 402, 409 (2d Cir. 2010) (declining to remand where the excluded evidence was "essentially duplicative of evidence considered by the ALJ") (citing cases). In this case, although Plaintiff maintains the ALJ's consideration of Dr. Zali's evaluation "would have bolstered the other opinions in evidence," specifically those of Dr. Bennett and LMSW Buchhalter, regarding Plaintiff's ability to maintain a regular schedule and deal with stress, a thorough review of Dr. Zali's evaluation fails to support this assertion. Specifically, Dr. Bennett's evaluation pertains to Plaintiff's physical RFC, AR at 1089-93, and Plaintiff does not explain how Dr. Zali's evaluation, which was limited to Plaintiff's mental impairments, could have "bolstered" Dr. Bennett's findings regarding Plaintiff's physical impairments. Further, in completing the Mental RFC Questionnaire, LMSW Buchhalter indicated Plaintiff is "unable to meet competitive standards" in the areas of maintaining regular attendance and be punctual within customary, usually strict tolerances, and completing a normal workday and workweek without interruptions from psychologically based symptoms, and "seriously limited" in the areas of performing at a consistent pace without an unreasonable number and length of rest periods, responding appropriately to changes in a routine work setting, dealing with normal work stress, carrying out detailed instructions, dealing with stress of semiskilled and skilled work, traveling in unfamiliar places, and using public transportation. AR at 1000-01. In contrast, Dr. Zali described Plaintiff's restrictions based on her mental impairments of depression and anxiety as only "mild limitations maintaining a regular schedule and learning new tasks, and moderate limitations

11

performing complex tasks and appropriately dealing with stress," AR at 1105, concluding the limitations attributed to Plaintiff's psychiatric impairments do "not appear to be significant enough to interfere with the claimant's ability to function on a daily basis." AR at 1107.  Significantly, Plaintiff does not explain how the much less serious mental impairments assessed by Dr. Zali would "bolster" the more severe impairments assessed by LMSW Buchhalter.  See Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (remanding because unconsidered physicians reports asserting the claimant was totally disabled "were significantly more favorable to the claimant than the reports that were considered.").  Furthermore, Lesterhuis v. Colvin, 805 F.3d 83, 88 (2d Cir. 2015) ("Lesterhuis"), on which Plaintiff relies for the proposition that "remand is warranted where neither the ALJ nor the Appeals Council reviewed the substance of a medical opinion, because it leaves 'courts, and not the SSA, in the position of making factual and medical determinations' on evidence," Plaintiff's Reply at 2, is inapposite.  A plain reading of Lesterhuis reveals the missing evidence in that case contradicted the ALJ's conclusion in important aspects, whereas here, the ALJ's mental RFC determination included the same limitations as those found by Dr. Zali.  The agency's failure to consider Dr. Zali's evaluation thus does not require remand.[8]

Nor is there any merit to Plaintiff's argument, Plaintiff's Memorandum at 13-15, that remand is required because the ALJ, despite giving "great weight" to the opinion of State agency review physician Dr. Quinlan, failed to "reconcile" Dr. Quinlan's

---

[8] Because the undersigned finds consideration of Dr. Zali's evaluation would not have changed the ALJ's Decision, the court does not reach Defendant's assertion, Defendant's Memorandum at 8-9, that the remand Plaintiff seeks is pursuant to sentence four of 42 U.S.C. § 405(g) (pertaining to evidence made part of the record but never reviewed by the ALJ), and not sentence six (pertaining to evidence never before the ALJ, thus requiring the ALJ render a new decision).  It is further noted Plaintiff offers no argument in reply on this point.  See Plaintiff's Reply, passim.

12

determination that Plaintiff can stand and walk for a total of four hours in an eight hour day, with the ALJ's finding Plaintiff can stand and walk for a total of six hours in an eight hour day.  AR at 15.  The administrative record contains three medical opinions regarding Plaintiff's physical RFC including Dr. Quinlan's opinion limiting Plaintiff to standing and walking four hours in an eight hour workday, AR at 1005-12, Dr. Bennett's opinion also limiting Plaintiff to standing and walking four hours in an eight hour workday, AR at 1089-93, and Dr. Miller's opinion finding no limitation to Plaintiff's ability to stand and walk for work.  AR at 573-76.  The ALJ's determination that Plaintiff retains the RFC to stand and walk for six hours in an eight hour workday thus is supported by Dr. Miller's opinion.  Significantly, although Dr. Miller examined Plaintiff on a consultative basis, the report of a consultative physician may constitute substantial evidence.  *Camille v. Colvin*, 652 Fed.Appx. 25, 28 (2d Cir. 2016) (citing *Mongeur v. Heckler*, 722 F.2d 1033, 1039 (2d Cir. 1983)).  Further, where, as here, the ALJ is presented with conflicting opinions, the Second Circuit will "defer to the Commissioner's resolution of conflicting evidence." *Cage v. Commissioner of Social Security*, 692 F.3d 118, 122 (2d Cir. 2012).  Moreover, under such deferential standard of review applicable to a district court's review of an ALJ's determination of a social security disability claim, substantial evidence in the record may support two contrary rulings. *See McIntyre v. Colvin*, 758 F.3d 146, 148 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld." (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)).   Accordingly, the ALJ did not commit error in failing to reconcile Dr. Quinlan's opinion regarding Plaintiff's limitations to Plaintiff's ability to stand and walk.

Plaintiff's argument for remand because the ALJ's psychiatric RFC is not supported by substantial evidence in the record, Plaintiff's Memorandum at 16-20, is also without merit. The ALJ determined that Plaintiff's mental impairments limited Plaintiff to performing jobs of SVP levels 1 and 2, simple, routine and repetitive tasks requiring occasional interaction with the public, coworkers, and supervisors, and limited to occasional work-setting changes. AR at 15. As relevant here, "Specific Vocational Preparation" or "SVP" is a component of worker characteristics in the Dictionary of Occupational Titles ("DOT"), and "is defined as the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." DOT, app. C (4th Ed., 1991), *available a*t 1991 WL 688702. SVP 1 requires "short demonstration only," and SVP 2 requires "anything beyond short demonstration up to and including 1 month." *Id.* Significantly, pursuant to Social Security Ruling[9] ("SSR") 00-4P, the SSA primarily relies on the DOT "for information about the requirements of work in the national economy." SSR 00-4o, 2000 WL 1898704, at *2. A review of the record establishes the ALJ's mental RFC is more restrictive than the opinion of Dr. Tzetzo, as well as Dr. Zali's evaluation which, as discussed above, Discussion, *supra*, at 11-12, was not before the ALJ.

As relevant, Dr. Tzetzo reviewed Plaintiff's medical evidence, which included Dr. Zali's evaluation, and found Plaintiff, based on affective disorders, had mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, moderate

---

[9] Social Security Rulings are agency rulings "published under the authority of the Commissioner of Social Security and are binding on all components of the Administration. These rulings represent precedent final opinions and orders and statements of policy and interpretations that [the SSA] ha[s] adopted." 20 C.F.R. 402.35(b)(1).

14

difficulties in maintaining concentration, persistence, or pace, and no repeated episodes of decompensation of extended duration, concluding Plaintiff "can handle simple work tasks." AR AT 177-78. Dr. Zali's evaluation showed Plaintiff with mild limitations maintaining a regular schedule and learning new tasks, and moderate limitations in performing complex tasks and appropriately dealing with stress, AR at 1005, but that Plaintiff's mental impairments were not expected to interfere with Plaintiff's ability to function on a daily basis. AR at 1007. These limitations are less restrictive than those included in the ALJ's mental RFC determination insofar as neither Dr. Tzetzo nor Dr. Zali assessed limitations in interacting with others or work-setting changes, in contrast to the ALJ's findings. Significantly, state agency consultants like Dr. Tzetzo are qualified as experts and their opinions "can constitute substantial evidence" when consistent with the record as a whole." *Diaz v. Colvin*, 2014 WL 2931583, at * 6 (W.D.N.Y. June 27, 2014).

The ALJ also reasonably explained that the opinions of LMSW Buchhalter and NP Richert were entitled to less weight because neither is considered an acceptable medical source as defined in the regulations. AR at 19-20. According to the ALJ, LMSW Buchhalter's more restrictive findings that Plaintiff would be unable to maintain regular attendance, be punctual, and complete a normal workday are unsupported by the consistently documented findings of Plaintiff with adequately groomed appearance, appropriate behavior, good eye contact, appropriate affect, normal clarity of speech, logical and goal-directed thought processes, normal perceptions, oriented in three spheres, intact recent and remote memory, good concentration, and fair insight. AR at 19 The ALJ further considered that NP Richert's opinion was rendered after less than

15

one month of treatment and is presented on a form completed with regard the Baltimore City Department of Social Services for which, undisputed by Plaintiff, the disability determination process differs from that for Social Security disability benefits.  AR at 20 (citing AR at 914-79).  As Defendant maintains, Defendant's Memorandum at 15-16, Plaintiff's argument is rooted in a preference for the opinions of LMSW Buchhalter and NP Richert than Dr. Tzetzo.  The issue, however, is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision.*"  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  As discussed, Discussion, *supra*, at 13, substantial evidence in the record may support two contrary rulings.  *McIntyre*, 758 F.3d at 148.

Accordingly, Plaintiff's challenge to the ALJ's mental RFC finding is without merit.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion (Dkt. 18) is DENIED; Defendant's Motion (Dkt. 24) is GRANTED.  The Clerk of Court is directed to close the file.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October 13th, 2020
Buffalo, New York